People v Maldonado (2023 NY Slip Op 06096)

People v Maldonado

2023 NY Slip Op 06096

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Ind. No. 1777-17 Appeal No. 1104 Case No. 2019-1293 

[*1]The People of the State of New York, Respondent,
v
Gil Maldonado, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Shari R. Michels, J., on omnibus motion; Julio Rodriguez III, J., at plea and sentencing), rendered September 27, 2018, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a vehicle in the first degree, and sentencing him to five years' probation and a $500 fine, unanimously affirmed.
Even assuming that defendant's suppression claim is not barred by the appeal waiver (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), the court properly summarily denied defendant's motion to suppress evidence concerning the police's observations of defendant operating the vehicle after the purportedly illegal stop. As an initial matter, the police properly stopped defendant's vehicle for a covered license plate (see Vehicle and Traffic Law § 402[1][b]; People v Dula, 198 AD3d 463, 464 [1st Dept 2021], lv denied 37 NY3d 1159 [2022], lv denied 37 NY3d 1162 [2022]). In any event, regardless of the legality of the stop, the post-stop observations of defendant were not suppressible as fruits of unlawful police conduct (see generally People v Young, 55 NY2d 419 [1982], cert denied 459 US 848 [1982]; see also People v Weaver, 12 NY3d 433, 440 [2009]), as were defendant's identity and his DMV records (see People v Tolentino, 14 NY3d 382, 385-386 [2010], cert granted 562 US 1043 [2010], cert dismissed 562 US 123 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023